Clement, J.
We are of opinion that it was not error to admit testimony tending to show the number and location of the-passengers in the car from the time plaintiff entered until he was put off.
The conductor saw the plaintiff enter the car with the bundles, and after he had taken a seat, received his fare.
If the bundles were too large to be carried without an extra charge, — the conductor may or may not have known that fact when he collected the fare, and whether his attention was so called was material on the main issue. And if the car had been ■ crowded with passengers, the counsel, for defendant could well *876 argue to tbe jury tbat tbe conductor did not notice tbe size of the bundles until after tbe fare was paid.
If tbe conductor knew tbeir size when tbe plaintiff entered tbe car and when be collected tbe fare, it certainly was some evidence tending to show that tbe bundles were not large- enough to incommode tbe passengers.
We think further that the testimony was admissible in any aspect of tbe case. In an action for an assault, it is proper to show tbe presence of third parties and their location at tbe time of and immediately preceding tbe assault.
Tbe learned counsel for the defendant asked a question clearly proper which brought out the fact as to tbe number of passengers in tbe car. It would have been proper for tbe defense, if passengers bad been actually incommoded, to show such fact as a part of tbe transaction; and the plaintiff bad tbe right to prove all tbat took place in tbe car from tbe time he entered until be was put upon tbe street by tbe conductor.
Tbe testimony of the conductor taken before the police com-; missioner was also clearly admissible. On his direct examination be said “ I told him again, you will have to pay for them; ” and again on cross examination be made tbe same statement. The witness further testified, “ I swore before the police commissioner when I was making this statement of what happened, I told him unless he paid for tbat package he must get off.”
Tbe foundation bad therefore been laid for tbe questions asked.
Tbe witness also testified as to tbe size of tbe bundles on bis direct examination and on tbe cross examination bad been asked as to bis testimony before tbe commissioner on the same point. Tbe exceptions were not therefore well taken.
Tbe objection at folio 195 was properly overruled, as will be seen by reading the direct and cross examination of Weitler, the driver.
Tbe testimony by which tbe conductor and driver were sought to be contradicted, was not on a collateral issue, because each bad testified to the contrary on tbeir direct examination.
Tbe conductor and driver made a statement of what bad happened at the time of tbe assault, on tbe bearing before tbe commissioner, and if it differed from that which they gave on tbeir direct examination in chief, tbe plaintiff bad a right to prove that fact by laying tbe proper foundation and then proving the different statement.
It is claimed that tbe verdict should be set aside as excessive.
Tbe plaintiff, according to the verdict of a jury, was wrongfully and without cause put off tbe car.
While tbe plaintiff could not recover exemplary damages, yet be was entitled to be compensated for all injuries sustained, including the insult and humiliation, and we cannot say as *877 matter of law that tbe verdict was, tm der all tbe circumstances, excessive.
Judgment and order denying new trial, affirmed with costs.
REYNOLDS J., concurs.